# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 641 | **DATE** | 2/11/2004 |
| **CASE TITLE** | Franzen vs. Ellis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 3/16/04 at 9:00 a.m. Pretrial conference set for 2/18/04 and jury trial set for 2/23/04 is vacated. For the reasons stated in the attached memorandum opinion and orders, defendant's petition for costs and attorneys' fees is granted in part and denied in part. Defendant is granted a total of $8,569.50 in costs and fees. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | FEB 12 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | IS |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MF | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 1 2 2004

RICHARD FRANZEN,            )
                            )
        Plaintiff,          )
                            )   No. 03 C 0641
    v.                      )
                            )   Judge John W. Darrah
ELLIS CORPORATION,          )
                            )
        Defendant.          )

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are Defendant's two petitions for reasonable costs and attorneys' fees. Previously, Defendant was granted reasonable costs and attorneys fees incurred by Defendant for Plaintiff's deposition and in bringing a previous motion for sanctions. Defendant was granted additional costs and attorneys' fees incurred by Defendant as a result of Plaintiff's failure to appear for two depositions on December 3, 2003.

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Hensley*). The amount of reasonable fees is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433.

After determining the reasonably expended hours, a court must determine a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir.

51

1996). Counsel seeking fees has the burden of proving the market rate. Once counsel establishes this rate, the burden shifts to the opposing party to demonstrate why the rate should be lower. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999) (*Spegon*).

An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work. *Spegon*, 175 F.3d at 555. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate.

Costs and Attorneys' Fees Related to Plaintiff's Initial Depositions and Motion for Sanctions

Defendant seeks a total of $13,975.32 in costs and fees relating to Plaintiff's first two depositions and the Motion for Sanctions. This amount includes a total of 57.25 hours of work performed by Attorney Alysa Barancik at the rate of $195.00 per hour and 2.50 hours of work performed by Attorney Thomas Piskorski at the rate of $415.00 per hour.

Defendant has provided a detailed itemization that includes the description of the work completed by the specific attorney and the time needed to complete such work. A review of the itemized list demonstrates that some of the fees sought are not properly recoverable. Defendant was awarded the reasonable fees related to Plaintiff's first two depositions and the Motion for Sanctions based on Defendant's inability to complete the deposition because of Plaintiff's counsel's improper conduct during the depositions. However, fees that Defendant would have incurred regardless of Plaintiff's counsel's conduct are not recoverable. The five hours spent by Barancik preparing and traveling to the depositions are not recoverable because these costs would have been incurred by the Defendant irregardless of any sanctionable conduct. Furthermore, the 19.5 hours spent on drafting the Motion for Sanctions and the 13.25 hours spent on drafting the eight-page reply brief are not

2

reasonable in light of the lack of complexity of both filings. Based on the complexity, or lack thereof, of the filings, a reasonable amount of time spent on drafting the motion is found to be five hours (based on the need to read and analyze the two deposition transcripts) and two hours for the reply brief. The remaining times sought by Barancik are reasonable. Accordingly, Barancik is awarded fees for a total of 26.5 hours of work. Furthermore, Piskorski's fees of 2.5 hours of work are reasonable and are awarded.

Barancik supports her request of the hourly rate of $195.00 per hour through an affidavit in which she avers that the $195.00 per hour rate is the rate customarily charged by her firm for similar work performed by attorneys with similar skills and experience. She also provides the affidavit of the finance manager of her employer who avers that Barancik's regular hourly rate is $195.00 per hour and that this rate is comparable to the hourly rate charged by lawyers within the firm of similar years of experience and labor and employment law expertise.

Piskorski supports his request of the hourly rate of $415.00 per hour through an affidavit in which he avers that the $415.00 per hour rate is his billable hourly rate. He also provides the finance manager's affidavit in which the finance manager avers that Piskorski is a partner at Seyfarth Shaw whose regularly rate is $415.00 per hour and that this rate is comparable to the hourly rate charged by attorneys at the firm of similar years of experience and expertise in labor and employment law.

Defendant argues that the requested rates are above the prevailing market rates but provides nothing to support his argument and to contradict the materials provided by Defendant's counsel that establishes their respective market rates of $195.00 and $415.00 per hour. Accordingly, the hourly rate of $195.00 and $415.00 are found to be reasonable.

Based on the above, Plaintiff is awarded $6,205.00 ($5,167.50 + $1,037.50) in attorneys' fees

for taking Plaintiff's first two depositions and for the Motion for Sanctions.

Defendant also seeks costs related to the taking of Plaintiff's first two depositions and the Motion for Sanctions. This includes $258.60 in copy costs. However, Defendant has failed to indicate what was copied, how many copies were made, and the rate per page for copying. Accordingly, the reasonableness of these costs cannot be determined and are denied. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998) (copying charges that are not discernable from the supporting documentation are not allowed).

Defendant also seeks $1,444.39 in court reporter fees. These fees include 146 pages transcribed at the rate of $3.25 per page and an expedited surcharge of $2.78 per page for the first day of Plaintiff's deposition transcript and 131 pages transcribed at the rate of $3.25 per page and an expedited surcharge of $1.34 per page for the second day of Plaintiff's deposition transcript. The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Defendant does not indicate why expedited copies of the transcripts were required. Accordingly, Defendant is awarded the transcription costs of $900.25 (277 pages X $3.25 per page). The deposition transcript fees also include an appearance fee of $87.50 for 3.5 hours. Such appearance fee is reasonable and is awarded. Lastly, as to the deposition transcripts, Defendant seeks costs related to shipping and handling and an "administrative fee". Such costs are not recoverable and will not be awarded. Based on the above, Defendant is awarded a total of $975.75 in deposition costs.

Lastly, Defendant seeks costs in the amount of $71.08 for online research. Such costs are not recoverable and are not awarded. *See Haroco v. American Nat'l Bank & Trust of Chicago*, 38

F.3d 1429, 1440-41 (7th Cir. 1994).

Based on the above, Defendant is awarded a total of $7,180.75 ($6,205.00 + $975.75) related to Plaintiff's first two depositions and the Motion for Sanctions.

Costs and Attorneys' Fees Related to Plaintiff's Failure to Appear For Two Subsequent Depositions

Defendant seeks a total of $1,388.75 in costs and fees relating to Plaintiff's failure to appear for his 9:00 a.m. or 1:00 p.m. deposition, as ordered by this Court, on December 3, 2003. This amount includes a total of 6.25 hours of work at the rate of $195.00 per hour and $170.00 in court reporter fees.

A review of the hours of work performed by Barancik related to Plaintiff's failure to appear at his December 3, 2003 depositions demonstrate that the 6.25 hours is reasonable. Furthermore, as discussed above, Barancik's hourly rate of $195.00 is reasonable. The $85.00 no-show charge by the court reporter for each of the Plaintiff's ordered depositions is reasonable. Accordingly, Defendant is awarded $1,388.75 in costs and fees related to Plaintiff's failure to appear for his depositions on December 3, 2003.

For the reasons stated above, Defendant's Petitions for Costs and Attorneys' Fees are granted in part and denied in part. Defendant is granted a total of $8,569.50 in costs and fees.

Dated: February 11, 2004

JOHN W. DARRAH
United States District Judge

5