Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 641 | **DATE** | 2/11/2004 |
| **CASE TITLE** | Franzen vs. Ellis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for involuntary dismissal and for sanctions is denied. Plaintiff's third emergency motion for a protective order is denied. Plaintiff's motion to reconsider is denied. Plaintiff will submit to a deposition at the courthouse (219 S. Dearborn, Chicago, Illinois) within fourteen days hereof. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 12 2004 date docketed | 52 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | 2/11/2004 date mailed notice | |
| MF | courtroom deputy's initials | | MF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FEB 1 2 2004

RICHARD FRANZEN,

    Plaintiff,

v.

ELLIS CORPORATION,

    Defendant.

No. 03 C 0641

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendant's Motion for Involuntary Dismissal and Sanctions and Plaintiff's Third Emergency Motion for a Protective Order and Motion to Reconsider.

## BACKGROUND

On September 19 and 22, 2003, defense counsel took Plaintiff's depositions. Each deposition lasted approximately three hours.

On October 1, 2003, Defendant filed a Motion for Sanctions based on Plaintiff's counsel's behavior at the September 2003 depositions. This conduct included Plaintiff's counsel's making over 200 objections in less than a six-hour time frame during defense counsel's questioning of Plaintiff, repeatedly coaching the witness during the deposition, and making unprofessional remarks to defense counsel.

On November 19, 2003, the Court granted the Motion for Sanctions, finding that Plaintiff's counsel's conduct was sanctionable. The Court also ordered all depositions involving Plaintiff's counsel be conducted at the courthouse. Plaintiff's counsel originally agreed but later orally moved that Plaintiff's deposition be taken elsewhere because Plaintiff had difficulty traveling. The Court granted this motion and ordered Plaintiff to be deposed within seven days at a location near

5ᴑ

Plaintiff's residence. Further, the Court ordered orally that the deposition could be up to six hours. On November 25, 2003, Plaintiff's deposition resumed. The deposition lasted approximately two hours because Plaintiff's counsel terminated the deposition because the Plaintiff was in too much pain to continue the deposition.

On November 26, 2003, Defendant filed the instant motion for involuntary dismissal and sanctions based on Plaintiff's early termination of the November 25, 2003 deposition. On December 2, 2003, a briefing schedule was ordered. The Court also ordered that Plaintiff was to appear for his deposition on December 3, 2003, at 9:00 a.m. and that the deposition would take place in the courthouse.

On December 3, 2003, Plaintiff failed to appear for his deposition at 9:00 a.m. Instead, Plaintiff filed an Emergency Motion for a Protective Order and sought reconsideration of the Court's December 2, 2003 ruling. In his emergency motion, Plaintiff argued that he was unable to travel to Chicago for his deposition and that he was unable to sit for an extended period of time for his deposition because of his physical condition, including a broken spine and incontinence. In support of his emergency motion, Plaintiff provided: (1) a June 10, 2003 note from his physician that stated that Plaintiff "couldn't travel to downtown [due] to his back problem"; (2) an August 8, 2003 note from his physician stating, "Limit time for deposition to 1 hour or as needed by back pain"; (3) an August 10, 2003 note from his physician stating that Plaintiff "has increasing pain when he sits for more than 2 hours"; (4) an August 11, 2003 note from his physician stating that Plaintiff "can sit for 1-2 hours at one time max"; and (5) a December 2, 2003 letter from Plaintiff's physician stating that Plaintiff had a broken spine and that Plaintiff experiences severe disabling pain if he sits for longer than two hours and to "[p]lease make modifications as appropriate to meet the needs of his disability

2

... do not hesitate to page me ... should you have questions." There was no representations regarding Plaintiff's ability to travel. The Court attempted to contact the doctor at the phone number provided by the Plaintiff without success. The doctor did not return the Court's call at the Court's phone number that was left on the doctor's answering machine.

Plaintiff's Emergency Motion for a Protective Order and to Reconsider was denied. The Court found that the motion on its face failed to state grounds for relief from the Court's previous Order. The only medical note that included a statement that Plaintiff could not travel downtown was from June 2003 and merely stated, in a conclusory manner, that Plaintiff could not travel downtown. The Court sought a current, competent medical opinion that Plaintiff could not come to downtown Chicago. Plaintiff was ordered to appear for his deposition at 1:00 p.m. that same day. Plaintiff failed to appear at 1:00 p.m.

On December 4, 2003, a status hearing was held; and Defendant filed an Amended Emergency Motion for a Protective Order and to Reconsider the Court's December 2 and 3, 2003 Orders. The Court again found that the motion did not state grounds for Plaintiff's failure to appear because it contained the same stale and ambiguous doctors' notes from the previous motion. The doctor whom the Court called the previous day had not returned the call as requested. When questioned how Plaintiff planned on appearing downtown for the upcoming trial, Plaintiff's counsel stated that Plaintiff planned on taking a limousine. The Court noted that Plaintiff could use the same mode of transportation to have his deposition taken downtown. Plaintiff's counsel also submitted Plaintiff's affidavit in which Plaintiff averred that he could not travel downtown. The Court reiterated that Plaintiff's counsel was to provide a current competent medical statement as to why Plaintiff could not appear at the courthouse, not Plaintiff's personal belief as to his inability to travel.

Plaintiff's amended motion was denied, and Plaintiff was ordered to appear at the courthouse at 11:00 a.m. for his deposition. Plaintiff failed to appear at 11:00 a.m. No such medical opinion has been provided by Plaintiff.

## ANALYSIS

Defendant seeks to have Plaintiff's case dismissed pursuant to Federal Rule of Civil Procedure 41(b) or 37(b)(2) for Plaintiff's failure to comply with the Court's November 19, 2003 Order.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part: "For failure of the plaintiff ... to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Dismissal pursuant to Rule 41(b) is appropriate if there is a clear record of delay or contumacious conduct or when other less drastic sanctions have been proven unavailing. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (*Maynard*). Dismissal is a harsh sanction that should be imposed infrequently; and the court can, within its discretion, impose a less severe sanction. *See Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178-79 (7th Cir. 1987).

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof.
>
> * * *

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

A Rule 37(b)(2) dismissal requires a showing by clear and convincing evidence of willfulness, bad faith or fault on the part of the noncomplying party. *See Maynard*, 332 F.3d at 467-68.

Defendant argues that dismissal is proper because the Plaintiff failed to comply with this Court's November 19, 2003 Order by failing to proceed with his deposition after approximately two hours, after claiming that his medical condition prevented him from continuing.

Plaintiff did appear for his deposition as ordered on November 19, 2003. The Plaintiff was unable to complete his deposition in the six-hour time frame orally ordered by the Court because of his alleged medical condition. However, the written order of November 19, 2003, mistakenly stated that Defendant was "given an additional two hours to take Plaintiff's deposition if such time is deemed necessary by the Defendant." In light of the conflicting Orders, the Plaintiff's termination of the deposition after two hours cannot be said to be clear and convincing evidence of fault by Plaintiff. Dismissal pursuant to either Rule 41(b) or 37(b)(2) is, therefore, inappropriate. Defendant's motion for attorney's fees for Plaintiff's failure to comply with the November 19, 2003 Order is denied for the same reason. Accordingly, Defendant's Motion for Involuntary Dismissal and for Sanctions is denied.[1]

---

[1] In its reply brief, Defendant includes argument pertaining to Plaintiff's failure to comply with the Court's December 2003 Orders. However, Plaintiff's conduct in December 2003 was not the basis of Defendant's motion which was filed on November 26, 2003. Accordingly, Plaintiff's conduct in December 2003 is not relevant to Defendant's motion presently before the Court.

5

Plaintiff seeks to have a protective order entered allowing Plaintiff to have his deposition taken in a Far Western Suburb of Chicago on an acceptable date and to limit the deposition to one to two hours. In support of his request, Plaintiff relies upon the previously discussed physician statements, his own affidavit in which he avers he cannot travel downtown and that he cannot sit for more than one or two hours because of his medical condition, and the affidavit of an individual who currently resides with the Plaintiff who also avers that Plaintiff cannot travel downtown or sit for an extended period of time. However, Plaintiff has not provided the Court with current, competent medical evidence that Plaintiff is unable to travel to downtown Chicago; and the Court has not received a return phone call from Plaintiff's doctor as requested more than two months ago. Accordingly, Plaintiff's Third Emergency Motion for a Protective Order is denied.

Lastly, Plaintiff seeks reconsideration of the Court's December 2, 3, and 4, 2003 Orders.

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Plaintiff's previous motions for a protective order were denied because the inconclusive and mostly stale statements by Plaintiff's physician failed to demonstrate that Plaintiff was unable to appear at the courthouse for his deposition. Plaintiff's counsel's sanctionable misconduct at previous depositions of the Plaintiff warrants court supervision of this deposition. Plaintiff has failed to demonstrate that the Court's previous Orders contained manifest errors of law or fact, and he has failed to present newly discovered evidence or an intervening change in the law.

Defendant has also provided the Court with photographs and the affidavit of a private investigator, hired by the Defendant, as evidence that Plaintiff drove an automobile from his home approximately 2.5 miles to a grocery store on December 22, 2003. This occurred a few days after Plaintiff's counsel represented to the Court that Plaintiff was unable to travel. The photographs include Plaintiff's walking without assistance into a grocery store, out of the grocery, and loading groceries into his car. In response to these photographs and affidavit, Plaintiff avers that he was the only one in his household that could travel to the grocery store for necessities and that he needed to take pain pills in order to go to the store and took several days to recuperate from the trip to the grocery store.

Based on all of the above, Plaintiff's Motion for Reconsideration is denied. Plaintiff is ordered to complete his deposition downtown at the courthouse, where the deposition may be supervised by the Court, within fourteen days hereof.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Involuntary Dismissal and for Sanctions is denied. Plaintiff's Third Emergency Motion for a Protective Order is denied. Plaintiff's Motion to Reconsider is denied. Plaintiff will submit to a deposition at the courthouse (219 South Dearborn, Chicago, Illinois) within fourteen days hereof.

Dated: February 11, 2004

JOHN W. DARRAH
United States District Judge