# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 641 | **DATE** | 2/11/2004 |
| **CASE TITLE** | Franzen vs. Ellis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to disqualify is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 53 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD FRANZEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 0641 |
| v. ) | |
| ) | Judge John W. Darrah |
| ELLIS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff's Motion to Disqualify. Plaintiff seeks recusal of the undersigned judge in this case pursuant to the provisions of 28 U.S.C. §§ 144, 455(a), and 455(b)(1).

### Section 144 Recusal

Section 144 requires recusal "if a party files a timely and sufficient affidavit that the judge has 'a personal bias or prejudice' against him or in favor of any adverse party." 28 U.S.C. § 144; *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (*Sykes*). Recusal is mandatory once a party submits a timely and sufficient affidavit and his counsel presents a certificate stating that the affidavit is made in good faith. *See Sykes*, 7 F.3d at 1339.

A Section 144 affidavit is timely if it is filed at the earliest moment after the movant acquires knowledge of the facts that demonstrate the basis for the disqualification. *See Sykes*, 7 F.3d at 1339. When determining the legal sufficiency of the affidavit, the court must assume the truth of its factual assertions even if the court knows the allegations to be false. However, the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists. Simple

conclusions, opinions or rumors are not sufficient. The affidavit must demonstrate that the alleged bias is personal rather than judicial and that the bias stems from an extra-judicial source – some source other than what the judge has learned through participation in the case. *See Sykes*, 7 F.3d at 1339. These requirements are strictly construed to prevent abuse in light of the statute being heavily weighed in favor of recusal. *See Sykes*, 7 F.3d at 1339.

In support of his Section 144 recusal, Plaintiff has submitted an affidavit in which he avers that bias or prejudice is demonstrated by (1) the refusal to allow Plaintiff to sit for his deposition for only one or two hours at a location near his home despite plaintiff's disability, including a broken spine and incontinence; (2) requiring Plaintiff to appear for his deposition at the courthouse in Chicago despite knowledge of Plaintiff's disabilities and inability to do so based on Plaintiff's physician notes, and (3) the denial of two of Plaintiff's emergency motions for a protective order regarding Plaintiff's inability to be deposed in Chicago because of his disability. In addition, Plaintiff avers that extreme bias and prejudice against him and his attorney is demonstrated by the judge: (1) ignoring a question from Plaintiff's attorney on October 8 and 21, 2003; (2) not allowing the case to be recalled on November 19, 2003, unless Defendant wanted the case recalled and unnecessary yelling at Plaintiff's counsel to leave the courtroom; (3) yelling at Plaintiff's counsel to step back from the podium when Plaintiff's attorney attempted to ask a question on December 3, 2003; (4) denying, ignoring, or requiring motions be in writing for oral motions by Plaintiff's counsel, whereas, Defendant's oral motions were immediately granted; and (5) granting Defendant's Motion for Sanctions on November 19, 2003, in relation to Plaintiff's counsel's alleged inappropriate behavior during Plaintiff's depositions.

Plaintiff's affidavit fails to satisfy the stringent requirements set forth in Section 144. First, several of the allegations pertain to conduct by the Court that occurred months prior to Plaintiff's filing his affidavit and Motion to Disqualify on December 17, 2003. These allegations include the granting of a protective order and a desposition limit of three-and-one-half hours on August 14, 2003 and the October 2003 court appearances. Two to three months after the allegedly prejudicial conduct is not "at the earliest possible moment" after discovery of the prejudice. *See Sykes*, 7 F.3d at 1339.

Moreover, the averments in Plaintiff's affidavit fail to demonstrate that the alleged bias is personal rather than judicial and that the bias stems from some source other than that which the judge has learned through participation in the case. Plaintiff takes issue with the Court's rulings pertaining to his deposition and Plaintiff's physical disabilities as well as the Court's conduct toward Plaintiff's counsel. However, all of these allegations relate to the Court's rulings and alleged conduct after it was brought to the Court's attention by Defendant's Motion for Sanctions that Plaintiff's counsel's conduct was improper during Plaintiff's deposition. Plaintiff's counsel made more than 200 objections and repeatedly attempted to coach the Plaintiff. This conduct was the basis of Defendant's Motion for Sanctions, which was granted by the Court on November 19, 2003. It was the Plaintiff's counsel's sanctionable behavior which frustrated defense counsel's efforts to depose Plaintiff that produced the alleged bias and prejudicial behavior. Accordingly, the alleged bias cannot be said to stem from an extrajudicial source. Plaintiff's affidavit fails to demonstrate that the alleged bias is personal rather than judicial and that the alleged bias stems from an extra-judicial source other than what the Judge has learned through participation in the case. Accordingly, Plaintiff's Motion to Disqualify Pursuant to Section 144 is denied.

## Sections 455(a) and 455(b)(1) Recusal

Plaintiff also seeks to disqualify the Court pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1). Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry under Section 455 is evaluated on an objective basis. *See Liteky v. United States*, 510 U.S. 540, 548 (1994) (*Liteky*). In other words, "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than on the merits." *Hook v. McDade*, 89 F.3d 350, 353 (7th Cir. 1996) (citation omitted) (*Hook*).

Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Section 455(b)(1) more specifically addresses the prejudice and bias grounds of the catchall provision of Section 455(a). *See Ramirez v. Elgin Pontiac GMC, Inc.*, 187 F. Supp. 2d 1041, 1045 (N.D. Ill. 2002). The Section 455(b)(1) inquiry is also evaluated on an objective basis, by determining "whether a reasonable person would be convinced that the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). Bias or prejudice must be proven by compelling evidence. *See Hook*, 89 F.3d at 335.

The alleged bias, under both Sections 455(a) and 455(b)(1), sufficient to warrant recusal also must stem from an extrajudicial source. *Liteky*, 510 U.S. at 554. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a bias for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. However, unlike a motion pursuant to 28 U.S.C. § 144, the judge is not required to accept the factual allegations as true when evaluating a motion pursuant to Section 455. *See United States v.*

4

*Kehlbeck*, 766 F. Supp. 707, 712 (S.D. Ind. 1990).

The grounds that Plaintiff argues in support of his motion for recusal pursuant to Section 455(a) and 455 (b)(1) are the same as those discussed above. Accordingly, the above analysis applies to both subsections of 455.

The averments discussed above regarding the August 2003 order and October 2003 appearance fail to demonstrate bias or prejudice to warrant recusal pursuant to Section 455. On August 14, 2003, the Court ruled on two motions for a protective order filed by the Plaintiff. The Court granted Plaintiff's Motion for a Protective Order regarding confidentiality of discovery. The Court also limited Plaintiff's deposition to three-and-one-half hours per day. Plaintiff did not object to the Court's order limiting the deposition time to three-and-one-half hours per day.

As to Plaintiff's counsel's allegation that he was ignored in October 2003, a review of the transcripts of those proceedings fail to demonstrate bias or prejudice by calling the next case. Furthermore, when the next case was called, Plaintiff's counsel did not inform the Court that he still needed to be heard.

None of the other incidents alleged by Plaintiff's counsel demonstrate bias and do not stem from an extrajudicial source. Instead, the actions taken by the Court which the Plaintiff alleges show bias are due to Plaintiff's counsel's sanctionable behavior which frustrated the Defendant's right to depose the Plaintiff.

Generally, Plaintiff's averments can be separated into two categories: (1) judicial rulings and (2) critical remarks; neither of these constitute a valid basis for recusal. Many of Plaintiff's averments take issue with rulings that were simply adverse to Plaintiff. However, "judicial rulings almost never constitute a valid reason for bias or partiality motion." *Liteky*, 510 U.S. at 555. In this

regard, it should also be noted that Plaintiff fails to include all the relevant facts beyond those that he selectively chose to support his accusation of prejudice. For example, Defendant's Motion for Sanctions was granted, but only after it was fully briefed by both parties; Plaintiff's counsel had an opportunity to refute the allegations contained in Defendant's motion. In addition, when the Motion for Sanctions was granted, the Court initially ordered that Plaintiff's deposition continue at the courthouse. However, to accommodate Plaintiff's counsel's request, the Court, on Plaintiff's counsel's oral motion, immediately re-ordered that the deposition be held closer to Plaintiff's residence. After Plaintiff violated the Court's November 19, 2003 Order, the Court did not immediately grant Defendant's motion to dismiss Plaintiff's complaint on these grounds but set a briefing schedule for both parties on this issue. When Plaintiff later failed to appear at the courthouse for his deposition, the Court gave Plaintiff three more opportunities to appear or present current competent medical evidence, he was unable to do so.

The remaining averments relate to the Court's alleged critical, disapproving or hostile remarks to Plaintiff's counsel. Even assuming, for purposes of this motion, Plaintiff's counsel is correct, "judicial remarks made during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or a partiality challenge." *Liteky*, 510 U.S. at 555. Expressions of impatience, annoyance, dissatisfaction, and anger fail to establish bias or partiality. *See Liteky*, 510 U.S. at 555-56.

Plaintiff's averments fail to demonstrate that the Court's conduct toward Plaintiff's counsel demonstrates bias or prejudice under either Section 455(a) or 455(b)(1).

Based on the above, Plaintiff's Motion to Disqualify is denied.

Dated: February 11, 2004

JOHN W. DARRAH
United States District Judge