Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 641 | DATE | 9/13/2004 |
| CASE TITLE | Franzen vs. Ellis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to reconsider is denied. Defendant's second motion for involuntary dismissal is denied as moot. Defendant's third [amended] motion for involuntary dismissal is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 1 5 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 83 |
| | Mail AO 450 form. | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | 2004 SEP 14 PM 4:18 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD FRANZEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELLIS CORPORATION, )<br>)<br>Defendant. ) | No. 03 C 0641<br><br>Judge John W. Darrah |

DOCKETED
SEP 1 5 2004

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are Plaintiff's Motion to Reconsider, Defendant's Second Motion for Involuntary Dismissal and Defendant's Third Motion for Involuntary Dismissal.

### BACKGROUND

On September 19 and 22, 2003, defense counsel took Plaintiff's depositions. Each deposition lasted approximately three hours.

On October 1, 2003, Defendant filed a Motion for Sanctions based on Plaintiff's counsel's behavior at the September 2003 depositions. This conduct included Plaintiff's counsel's making over 200 objections in less than a six-hour period of time during defense counsel's questioning of Plaintiff, repeatedly coaching the witness during the deposition, and making unprofessional remarks to defense counsel.

On November 19, 2003, the Court granted the Motion for Sanctions, finding that Plaintiff's counsel's conduct was sanctionable. The Court also ordered all depositions involving Plaintiff's counsel be conducted at the courthouse and that Plaintiff's counsel was to refrain from the sanctionable conduct during further depositions. Plaintiff's counsel originally agreed but later orally moved that Plaintiff's deposition be taken elsewhere because Plaintiff had difficulty traveling. The

Court granted this motion and ordered Plaintiff to be deposed within seven days at a location near Plaintiff's residence. Further, the Court ordered orally that the deposition could be up to six hours. On November 25, 2003, Plaintiff's deposition resumed. The deposition lasted approximately two hours because Plaintiff's counsel terminated the deposition because the Plaintiff was in too much pain to continue the deposition.

On November 26, 2003, Defendant filed a motion for involuntary dismissal and sanctions based on Plaintiff's early termination of the November 25, 2003 deposition. On December 2, 2003, a briefing schedule on the motion was ordered. The Court also ordered that Plaintiff was to appear for his deposition on December 3, 2003, at 9:00 a.m. and that the deposition would take place in the courthouse.

On December 3, 2003, Plaintiff failed to appear for his deposition. Instead, Plaintiff filed an Emergency Motion for a Protective Order and sought reconsideration of the Court's December 2, 2003 ruling. In his emergency motion, Plaintiff argued that he was unable to travel to Chicago for his deposition and that he was unable to sit for an extended period of time for his deposition because of his physical condition, including a broken spine and incontinence. In support of his emergency motion, Plaintiff provided: (1) a June 10, 2003 note from his physician that stated that Plaintiff "couldn't travel to downtown [due] to his back problem"; (2) an August 8, 2003 note from his physician stating, "Limit time for deposition to 1 hour or as needed by back pain"; (3) an August 10, 2003 note from his physician stating that Plaintiff "has increasing pain when he sits for more than 2 hours"; (4) an August 11, 2003 note from his physician stating that Plaintiff "can sit for 1-2 hours at one time max"; and (5) a December 2, 2003 letter from Plaintiff's physician stating that Plaintiff had a broken spine and that Plaintiff experiences severe disabling pain if he sits for longer

than two hours and to "[p]lease make modifications as appropriate to meet the needs of his disability ... do not hesitate to page me ... should you have questions." There were no representations regarding Plaintiff's inability to travel. The Court attempted to contact the doctor at the phone number provided by the Plaintiff, without success. The doctor did not return the Court's call at the Court's phone number that was left on the doctor's answering machine.

Plaintiff's Emergency Motion for a Protective Order and to Reconsider was denied. The Court found that the motion on its face failed to state grounds for relief from the Court's previous Order. The only medical note that included a statement that Plaintiff could not travel from June 2003 and merely stated, in a conclusory manner, that Plaintiff could not travel downtown. The Court had requested a current, competent medical opinion that Plaintiff was unable to travel to downtown Chicago. The emergency motion was denied, and Plaintiff was ordered to appear for his deposition at 1:00 p.m. that same day. Plaintiff failed to appear at 1:00 p.m.

On December 4, 2003, a status hearing was held; and Plaintiff filed an Amended Emergency Motion for a Protective Order and Motion to Reconsider the Court's December 2 and December 3, 2003 Orders. The Court again found that the motion did not state grounds for Plaintiff's failure to appear because it contained the same stale and ambiguous doctors' notes from the previous motion. The doctor whom the Court telephoned the previous day had not returned the call, as requested. When questioned how Plaintiff planned on attending the upcoming trial, Plaintiff's counsel stated that Plaintiff intended to use a limousine. The Court noted that Plaintiff could use the same mode of transportation to attend his deposition. Plaintiff's counsel also submitted Plaintiff's affidavit in which Plaintiff averred that he could not travel downtown. The Court reiterated that Plaintiff's counsel was to provide a current competent medical statement as to

3

why Plaintiff could not appear at the courthouse, not Plaintiff's personal belief as to his inability to travel. Plaintiff's amended motion was denied, and Plaintiff was ordered to appear at the courthouse at 11:00 a.m. for his deposition. Plaintiff failed to appear. Plaintiff filed his Third Verified Emergency Motion for a Protective Order and Motion to Reconsider the Court's December 2nd, 3rd, and 4th Orders.

On February 11, 2003, the Court denied Defendant's Motion for Involuntary Dismissal and Sanctions in light of conflicting orders regarding the length of time of Plaintiff's November 25, 2003 deposition. Plaintiff's Third Verified Emergency Motion for a Protective Order and Motion to Reconsider the Court's December 2nd, 3rd, and 4th Orders were also denied because the Plaintiff failed to present current, competent medical evidence that he was unable to travel downtown. Plaintiff was ordered to be produced for his deposition at the courthouse within fourteen days.

On February 12, 2004, Defendant attempted to set Plaintiff's deposition for February 24, 2004. On February 18, 2004, Defendant received a letter from Plaintiff's counsel stating that he was unavailable on February 24, 2004, because of a prior deposition commitment. Plaintiff's counsel did not provide any alternative dates.

On February 19, 2004, defense counsel left a voice mail message for Plaintiff's counsel asking about taking Plaintiff's deposition on other dates. Defense counsel also attempted to hand deliver a letter with the same inquiry. Plaintiff's counsel refused to accept the hand-delivered letter. On February 20, 2004, Defendant's counsel received a letter from Plaintiff's counsel, informing her that Plaintiff planned on filing a writ of mandamus in the Seventh Circuit Court of Appeals the following week, seeking reversal of this Court's February 11, 2004 order.

On February 23, 2004, defense counsel left another voice mail message expressing Defendant's assumption that Plaintiff did not plan to comply with the Court's February 11 order and asking Plaintiff's counsel to contact defense counsel if that was not the case. That same day, Plaintiff filed his writ of mandamus in the Seventh Circuit Court of Appeals.

On February 25, 2004, Defendant filed the instant motion for involuntary dismissal. On March 2, 2004, Plaintiff filed an Emergency Motion to Abstain or Stay in light of the pending writ of mandamus. On March 17, 2004, Plaintiff filed his Verified Motion to Extend Time to Comply with the Court's February 11, 2004 Order.

On March 19, 2004, the Seventh Circuit Court of Appeals denied Plaintiff's writ of mandamus. On March 24, 2004, the Court denied Plaintiff's Verified Motion to Extend Time to Comply with the Court's February 11, 2004 Order because the motion failed to indicate how much time was requested to comply with the Court's order. The Court gave Plaintiff leave to refile the motion as long as it included a requested time period to comply with the order. On March 30, 2004, Plaintiff filed his Amended Motion for Alternative Deposition Methods or to Extend Time to Comply with the February 11, 2004 order. On April 16, 2004, the Court granted Plaintiff's Amended Motion, ordering Plaintiff's deposition to be concluded on or before April 23, 2004.

Plaintiff's fourth deposition took place on April 22, 2004, in a witness room near the courtroom. The transcript of the depositions demonstrates that within minutes of the start of the deposition Plaintiff's counsel began the first of over 380 objections to Defendant's counsel's questions. In addition, Plaintiff's counsel began coaching Plaintiff through objections and statements he made prior to the Plaintiff's answering the question. Approximately one hour into the

deposition, the parties requested to speak to the Court because the Plaintiff did not think he could continue with the deposition.

While speaking with the Court, the parties determined that the Plaintiff could lie on a "sofa" to continue with the deposition. In addition, Defendant's counsel stated that she believed that Plaintiff's counsel was making inappropriate objections. The Court reminded counsel that discovery depositions were broader and intended to elicit more material than would be otherwise admissible pursuant to the Federal Rules of Evidence.

The Court was requested a second time later in the deposition. Plaintiff stated that he was attempting to answer defense counsel's questions, but defense counsel was getting frustrated that he could not answer the questions. Defense counsel indicated that the problem was that she would ask a question, Plaintiff's counsel would state multiple objections, Plaintiff would forget the question, the question would be re-read, and Plaintiff's counsel would repeat his objections. The Court instructed Plaintiff's counsel that he need not repeat his objections.

Plaintiff's counsel continued making numerous and repeated objections throughout the deposition. When defense counsel sought the Court's assistance a third time, the Court was conducting a hearing in another matter.

On May 14, 2004, Defendant filed its Third Motion for Involuntary Dismissal based on Plaintiff's counsel's alleged violation of the Court's November 19, 2003 Order, directing Plaintiff's counsel to refrain from the previously sanctionable conduct at future depositions. On June 7, 2003, Defendant filed its Motion for a Rule to Show Cause based on Plaintiff's failure to pay the $8,569.50 in fees and costs that the Court awarded Defendant in its February 11, 2004 Order.

On July 19, 2004, Plaintiff filed his Motion to Reconsider, requesting reconsideration of the Court's November 19, 2003 and February 11, 2004 Orders.

## ANALYSIS

Relevant to the Court's analysis of Defendant's motions to dismiss is Plaintiff's Motion to Reconsider. Accordingly, this motion is addressed first.

Plaintiff seeks reconsideration of the Court's November 19, 2003 Order, that granted Defendant's Motion for Sanctions, and February 11, 2004 Order, that denied Plaintiff's Motion to Reconsider the Court's December 2nd, 3rd, and 4th Orders.

First, Plaintiff's Motion to Reconsider is untimely. Plaintiff seeks reconsideration of Court Orders of several months ago. A motion to reconsider filed several months after the Court's orders and after multiple other issues have been presented by the parties and addressed by the Court is untimely.

Second, Plaintiff's Motion to Reconsider lacks merit.

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present

7

evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

In his Motion to Reconsider, Plaintiff repeats essentially the same arguments already addressed by the Court in its previous Orders. Accordingly, the Motion to Reconsider is denied.

Defendant's motions for involuntary dismissal seek to have Plaintiff's case dismissed pursuant to Federal Rules of Civil Procedure 41(b) or 37(b)(2) for Plaintiff's failure to comply with the Court's December 2003 Orders and the February 11, 2004 Order. Both motions are based on Plaintiff's failure to comply with the Court's Orders in relation to Plaintiff's deposition. As such, the Third Motion for Involuntary Dismissal is interpreted as an amended motion to the Second Motion for Involuntary Dismissal; and the Second Motion for Involuntary Dismissal is denied as moot.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part: "For failure of the plaintiff ... to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Dismissal pursuant to Rule 41(b) is appropriate if there is a clear record of delay or contumacious conduct or when other less drastic sanctions have been proven unavailing. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (*Maynard*). Dismissal is a harsh sanction that should be imposed infrequently; and the court can, within its discretion, impose a less severe sanction. *See Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178-79 (7th Cir. 1987).

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

8

> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof.
>
> * * *
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

A Rule 37(b)(2) dismissal requires a showing by clear and convincing evidence of willfulness, bad faith or fault on the part of the noncomplying party. *See Maynard*, 332 F.3d at 467-68. Rule 37 does not authorize dismissal if the noncomplying party establishes that his failure to comply was due to inability to comply, and not bad faith, or any fault of the noncomplying party. *See Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958).

Defendant argues that dismissal is proper because the Plaintiff has failed to comply with this Court's Orders requiring his deposition. Plaintiff first argues that dismissal pursuant to Rule 41(b) is not appropriate for the alleged failure to comply with the Court Orders. However, dismissal pursuant to Rule 41(b) and/or Rule 37(b) may be appropriate if the party has failed to comply with multiple orders and has shown a pattern of delay, noncooperation and disobedience. *See Roland v. Salem Contract Carriers, Inc.*, 911 F.2d 1175, 1179 n.4 (7th Cir. 1987).

Plaintiff also argues that dismissal is improper because he was unable to comply with the Court's Orders because of his disability and inability to travel. Plaintiff provides a letter from his physician, dated March 12, 2004, in which his physician states that Plaintiff is unable to sit for longer

than two hours because of significant pain due to injuries Plaintiff sustained in an April 2003 motor vehicle accident. However, as with previous medical notes, the note only states that Plaintiff cannot sit for more than two hours. Plaintiff again fails to present competent medical evidence that he was unable to travel downtown and unable to comply with the Court's Orders.

Plaintiff has repeatedly failed to comply with the Court's Orders regarding his deposition. Moreover, Plaintiff has filed several motions asking the Court to reconsider those orders. These motions were denied because Plaintiff failed to present competent medical evidence to support his assertion that he was physically unable to comply with these orders. Plaintiff has not established that he was unable to comply with the Court's Orders and that such noncompliance was not willful. Furthermore, Plaintiff's motion to extend the time to comply with the Court's February 11 Order was not filed until after the time to comply with the order had expired.

Defendant also argues that Plaintiff also failed to comply with the Court's Orders regarding Plaintiff's deposition by engaging in the same conduct during the deposition that Plaintiff's counsel was ordered to refrain from in future depositions. This repeated conduct prohibited Defendant from obtaining information crucial to its defense.

In response to the most recent motion to dismiss, Plaintiff first argues that the Defendant waived any objections by failing to have the Court rule on each of Plaintiff's objections while the deposition took place in the court. Plaintiff's waiver argument lacks merit as Defendant did engage the Court concerning Plaintiff's counsel's conduct during the April 22, 2004 deposition.

Plaintiff also argues that he did not coach his client and that his objections were proper. However, a review of the deposition transcript clearly demonstrates that Plaintiff's counsel's excessive objections delayed and frustrated the Plaintiff's deposition. The review of the transcripts

10

also clearly shows that many of the numerous and repeated objections were improper and that some of the objections were made in an attempt to coach the witness.

In addition to disregarding the Court's Orders as to Plaintiff's depositions, Defendant also learned at the April 22, 2004 deposition that Plaintiff failed to produce numerous documents relating to his medical bills. While discovery was open, Plaintiff disclosed thirty-nine pages of responsive documents. However, during his deposition, Plaintiff testified that he had "a box that can fill this [witness] room" of doctors' bills.

Based on the above repeated disregard for the Court's Orders and the resulting inability for Defendant to obtain necessary information to its defense, sanctions against the Plaintiff are warranted. However, at this stage, dismissal with prejudice is not warranted. Plaintiff's last appearance for deposition occurred months after it was originally ordered, and Plaintiff's counsel's disregard of the Court's Orders and inappropriate conduct during the depositions has effectively deprived the Defendant from discovering information crucial to its defense despite Defendant's persistent and extensive efforts to do so. Accordingly, the less severe sanction of prohibiting the Plaintiff from testifying at trial is appropriate. *See Equal Employment Opportunity Comm'n v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1226 (7th Cir. 1980) (precluding testimony is a permissible sanction for a party's failure to comply with court orders). Accordingly, Defendant's Third [Amended] Motion for Involuntary Dismissal is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider is denied. Defendant's Second Motion for Involuntary Dismissal is denied as moot. Defendant's Third [Amended] Motion for Involuntary Dismissal is denied.

Dated: September 13, 2004

JOHN W. DARRAH
United States District Judge