# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD FRANZEN, | ) |
| | ) |
| Plaintiff, | ) Case No. 03 C 641 |
| | ) |
| v. | ) Magistrate Judge |
| | ) Martin C. Ashman |
| ELLIS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before this Court on the motion of plaintiff Richard Franzen ("Franzen"), which asks the Court to modify or amend its April 3, 2007 judgment. In this April 3, 2007 judgment, the Court ruled that Franzen was not entitled to damages or attorney's fees under the Family Medical Leave Act ("FMLA"). The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the reasons that follow, the Court denies Franzen's motion.

## I. Background

The Court briefly restates the facts of this case. Franzen was employed by defendant Ellis Corp. ("Ellis") beginning in 1999, when he was hired as a mechanical engineer. In the course of time, Franzen's employment with Ellis was terminated pursuant to Ellis's policy regarding excessive absenteeism, after Franzen had missed work following an accident that resulted in an injury. In this case, Franzen argues that, under the FMLA, his employment was terminated

improperly. Franzen argues that he was improperly denied back pay and front pay, to which he was entitled under the FMLA.

On April 20, 2006, a jury trial was held before this Court, in which the jury determined whether Ellis had received proper medical documentation, a requirement for liability under the FMLA. The jury returned a verdict that found that Ellis had received such documentation.[1] Following the jury trial, the Court held a bench trial on the issue of damages, which took place on October 13, 2006. The Court entered its judgment on April 3, 2007, finding that Franzen's damages were zero because Franzen was unable to return to work following the accident that caused his injury. The Court also reasoned that, even if Franzen was able to return to work, he failed to mitigate his damages by failing to look for work during his FMLA period.

In this motion, Franzen asks the Court to modify or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), "to amend its findings and to make additional findings pursuant to Rule 52(b), or in the alternative, for a new trial pursuant to FRCP 59(a)." (Pl.'s Mot. at 1.)

## II. Discussion

Franzen's motion expands on several arguments he made to the Court in the course of the bench trial on the issue of damages. First, Franzen argues that the FMLA states that attorney's fees are mandatory once a plaintiff prevails on the issue of liability. Second, Franzen argues that

---

[1] The single question before the jury was as follows: "Did Plaintiff prove by a preponderance of the evidence that Defendant received the required medical documentation by May 28, 2002? If you answer yes, then you are finding in favor of the Plaintiff. If your answer is no, then you are finding in favor of the defendant." (*See* Def.'s Resp. at 13 n.5.)

he is entitled to payments under Ellis's disability policy. Third, Franzen argues that Ellis should have been precluded from offering evidence of Franzen's inability to return to work during the trial on the issue of damages, both because Ellis did not make such arguments at the trial on liability and because the jury implicitly found that Franzen was able to return to work up to the time of trial. Fourth, Franzen argues that he is entitled to a jury trial as to the issue of damages. Finally, Franzen argues that the FMLA does not require Franzen to mitigate his damages. For the reasons that follow, the Court rejects all of Franzen's arguments.

### A.     Fees and Costs

Franzen first argues that, under the FMLA, attorney fees are mandatory upon a finding of liability. The FMLA provides that the Court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). The Court believes that Franzen is not entitled to fees under the FMLA for two reasons.

First, the Court believes that the jury's verdict finding that Ellis received the required medical documentation was not a verdict as to liability. The verdict that the jury returned answered one question: did Ellis receive the required medical documentation by May 28, 2002. This factual issue is a significant contested factual issue underlying the ultimate issue of liability, but it is not itself a jury verdict of liability. The simple fact that Ellis received the documentation does not mean that FMLA liability results; Franzen must prove the remaining elements required for FMLA liability. Here, the parties apparently stipulated that Franzen was an eligible employee under FMLA, and that Ellis was an eligible employer. The Court understands this stipulation to

mean that Franzen is alleviated from the need to prove such underlying factual issues as the number of Ellis's employees and the length of time that Franzen was employed by Ellis. This stipulation does not mean that FMLA liability results simply because Ellis received notice.[2]

The fact that the jury did not return a verdict as to liability—but decided a factual issue—separates this case from those that Franzen cites. See *Sherry v. Protection, Inc.*, 14 F. Supp. 2d 1055, 1057 (N.D. Ill. 1998) (plaintiff entitled to fees where case settled and defendant agreed to the entry of judgment in favor of plaintiff); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 969 (N.D. Ind. 2002) (awarding attorney's fees where "[h]ere, the jury clearly found that the Defendant violated the FMLA"); *McDonnell v. Miller Oil Co.*, 968 F. Supp. 288, 291, 293 (E.D. Va. 1997) (awarding fees where "the jury returned a verdict for the plaintiff [as to liability], but fixed the plaintiff's damages at zero dollars ($0.00)"). Although these cases found that the FMLA plaintiff was entitled to fees, in all of these cases FMLA liability was explicitly the issue decided—in *Rice* and in *McDonnell*, the jury determined the issue of FMLA liability, and in *Sherry* the defendant agreed to entry of judgment of liability. These situations are markedly different than the present case, where the jury returned a verdict not as to liability, but as to a factual sub-issue on which liability rests. Because the jury verdict did not find that Ellis was liable, the Court does not believe that the FMLA mandates attorney's fees.

The Court recognizes that the parties and the Court have treated the jury's verdict as if it had determined the ultimate issue of liability. Notably, the Court's minute entry reflecting the

---

[2] The Court notes that the parties did not file final pretrial briefs with this Court prior to the jury trial. The Court retrieves this stipulation by reviewing the parties' final pretrial hearing held on April 10, 2006. These stipulations are consistent with the stipulations in the final pretrial briefs filed before Judge Darrah. (*See* Dkt. 127; Dkt. 128; Dkt. 141, at 7, 8.)

- 4 -

jury verdict states, "Jury returns its verdict in favor of plaintiff Richard Franzen and against defendant Ellis Corporation as to liability only. Status hearing set for 5/1/2006 at 10:30 a.m. on the balance of this case." (Dkt. No. 183.) This language, "as to liability only," should not be read to reflect that the jury determined the issue of liability. First, this language is intended to reflect that the jury trial involved liability *as opposed to damages*. Second, more fundamentally, the jury was not asked to determine the issue of liability, but only a key contested factual issue, and the Court's reference that the verdict is "as to liability" does not change this fact. Because the jury's verdict did not find that Ellis was liable, the Court holds that Franzen cannot be considered to have been awarded any judgment in this case. For this reason, Franzen is not entitled to fees under the FMLA.

The Court next turns to the second reason why Franzen is not entitled to fees. Even if the jury's verdict is considered to be a verdict as to liability, the jury's verdict does not equate a judgment in Franzen's favor that would meet the requirements for fees under the FMLA. Franzen points to *McDonnell* to argue that, even if a court has awarded zero damages, as long as judgment as to liability is entered, an FMLA plaintiff is entitled to fees. *McDonnell* holds that the FMLA allows attorney's fees even where the plaintiff has only won a Pyrrhic victory, which presumably "might fail to meet the Supreme Court's test of a 'prevailing party.'" *McDonnell*, 968 F. Supp. at 293. *McDonnell* reached this conclusion by reading "in addition to any judgment" in the FMLA. In its analysis of the FMLA's words, "in addition to any judgment," *McDonnell* highlighted the word "any" in order to reason that even a jury finding of liability along with a damages finding of zero dollars (due to the plaintiff's failure to mitigate) can support a claim of attorney's fees. *Id.* Other courts have interpreted this holding to mean that "a plaintiff may be

eligible for fees even if he fails to meet the requirement that he be a 'prevailing party.'" *Sherry*, 14 F. Supp. 2d at 1057.

Franzen takes from this reasoning that, because Franzen received a jury verdict supporting the issue of liability, Franzen is entitled to fees under the FMLA, even though the Court found that Franzen was not entitled to any damages. The Court does not agree.

The Court believes that *McDonnell* is different from this case in significant respects. Although the jury in *McDonnell* returned a verdict awarding the plaintiff zero dollars in damages, the court modified the verdict to award the plaintiff $1.00 in nominal damages, which was doubled pursuant to the FMLA and to which $0.10 interest was added. The *McDonnell* court focused on the word "any," because there was no question that the plaintiff was awarded a judgment in her favor, in light of the nominal damages award. Here, on the other hand, the Court has declined to award even nominal damages to Franzen. The question becomes whether the jury verdict of liability—assuming that the jury's verdict in this case is a verdict of liability—can satisfy the "in addition to any judgment" language of the FMLA. In order to determine this issue, the Court focuses on the word "judgment," not "any."

The Court does not believe that Franzen was awarded a judgment in his favor in this case. The difference between this case and *McDonnell* hinges on the difference between a judgment and a verdict, and the Court does not believe that this difference is immaterial. Indeed, cases that Franzen has cited have noted this difference. *See Kaszuk v. Bakery and Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 552-53 (7th Cir. 1986); *Harris v. Goldblatt Bros., Inc.*, 659 F. 2d 784, 786 (7th Cir. 1981) ("In this case, the jury's verdict constituted only a partial adjudication of a single claim for legal and equitable relief, and the judgment entered thereon

could therefore be only an interlocutory 'judgment' in the absence of the entry of a Rule 54(b) judgment.").

Following the reasoning in *Kaszuk* and *Harris*, the Court does not believe that the jury's verdict constitutes a judgment that would support a finding that Franzen should be awarded fees. Following the jury's verdict, the issue of damages remained to be determined—unlike *McDonnell*—as did the issue of Franzen's mitigation (or lack thereof). Here, the judgment was entered not on April 20, 2006, when the jury's verdict was returned, but on April 3, 2007, when the Court rendered a judgment of zero dollars. In light of the fact that the Court determined that Franzen is entitled to zero dollars in damages because he was unable to work following his accident, the Court does not believe that the jury verdict constitutes a judgment that would support fees under the FMLA.

The Court recognizes that—in contradistinction to other prevailing party regimes—the FMLA mandates attorney's fees, and that the FMLA's language does not leave this Court with discretion as to whether to award fees. Nevertheless, the Court believes that the words in the FMLA "in addition to any judgment awarded to the plaintiff" must mean something. Franzen argues that these words are not words of limitation. If Franzen's argument means that an FMLA plaintiff is entitled to fees regardless of the presence or absence of any judgment (or even in the absence of a jury verdict as to liability), this argument does not convince the Court. Indeed, *McDonnell* does not acknowledge this possibility. *McDonnell*, 968 F. Supp. at 293 ("The FMLA's attorney fee provision . . . apparently requires a judgment, rather than a mere settlement."). The Court believes that Franzen's argument eviscerates the FMLA's requirement that a plaintiff be the recipient of a judgment in her favor, and it impermissibly broadens the field

of fee recipients under the FMLA. Because Franzen has not received a judgment in his favor, the Court reiterates its decision to deny Franzen attorney's fees under the FMLA.

### B. Disability

Next, Franzen argues that, because he was covered by a disability policy during his FMLA leave period, he is "entitled to damages in the amount of the short and/or long term disability policies for the relevant time periods." (Pl.'s Mot. at 5.) In support of this argument, Franzen cites *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1205 (11th Cir. 2001), which holds that if an employee qualifies for both FMLA leave and the employer's paid sick leave policy, the employer must choose whether to treat the employee as using the FMLA leave and paid sick leave concurrently, or whether to treat the employee as using them sequentially. Franzen then states that Ellis had both short-term and long-term disability policies in place, and that Ellis "chose to pay [Franzen] under [this disability policy] during his FMLA leave." (Pl.'s Mot. at 5.) In other words, Franzen argues that, because Ellis elected to pay Franzen under Ellis's disability policy, Franzen's damages in this case must include any amount owed under the disability policy.

Franzen cannot succeed on this argument. In the background of this argument is that Franzen is prohibited from arguing that Ellis owes Franzen money under Ellis's disability policy. The lone issue in this case is whether Franzen is entitled to front pay and back pay under the FMLA, and the issue of whether Ellis owes Franzen under the disability policy is not at issue in this case. Indeed, the Court notes that Franzen had sought to amend his complaint to include a claim arising out of the disability policy, and Judge Darrah denied Franzen leave to so amend his

complaint. The Court will not allow Franzen effectively to undo Judge Darrah's ruling by pursuing this theory now.

Moreover, presumably to evade the effect of Judge Darrah's ruling, Franzen argues that *Strickland* is not based on contract law. (Pl.'s Reply at 5-8.) The Court does not agree that this characterization of *Strickland* is accurate. *Strickland* requires the employer to choose FMLA or disability; but the basis for a plaintiff's claim that she is owed under a disability policy must necessarily be based on a contract, i.e., the contract for which the disability policy forms the basis. Here, in addition to the fact that Judge Darrah denied Franzen leave to add this contract claim, Franzen's contract claim based on the disability policy was not included in the final pretrial order, and no facts were presented at trial that demonstrate that Ellis was obligated to pay Franzen under its disability policy. Franzen points to trial testimony by an Ellis employee, which indicates that Franzen had been receiving payments pursuant to the disability policy. But the issue of whether Franzen is covered by any disability policy has never been tried, and the Court will not now determine that Franzen is in fact covered by the policy. On top of this, although the Court recognizes that the testimony Franzen identifies points to an applicable disability policy, the policy itself was never presented; even if the Court wished to address the issue of the applicability of the disability policy, the Court lacks sufficient facts to find that the policy applies.

In short, Franzen was prohibited from arguing this breach of contract theory, and the Court does not believe that he can introduce this theory via the FMLA.

## C. Evidence of Franzen's Inability to Work

Franzen also claims in this motion that Ellis is precluded from arguing that Franzen was unable to return to work following the termination of his employment.[3] Franzen reasons that, because Ellis did not present evidence in support of this affirmative defense at the trial for liability, it is precluded from doing so at the trial for damages. (Pl.'s Mot. at 5-7.) In support of this argument, Franzen cites *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1018 (7th Cir. 2000), for the proposition that "the Defendant must rebut Plaintiff's *prima facie* case at the trial on liability with this defense [of Franzen's inability to return to work]." (Pl.'s Mot. at 6.)

The Court does not believe that *Rice* supports Franzen's argument. The Court agrees with *Rice* that a defendant must present evidence supporting an affirmative defense at the trial on liability. Here, in the bench trial, the issue was not Ellis's liability—the issue is the determination of what damages Franzen may be due. On the issue of damages—not liability—Ellis presented evidence as to Franzen's inability to return to work. As the Court stated following the bench trial, the plaintiff—Franzen—has the burden of proving damages. In support of its defense on the issue of damages, Ellis was properly permitted to present evidence to support its argument that Franzen was unable to return from work following his termination from Ellis.

Franzen also makes a related argument. Franzen states that Ellis is estopped from arguing that Franzen was unable to return to work because, in finding that Ellis was liable under the FMLA, the jury "must have found that Plaintiff 'would have been employed at least until the date

---

[3] In order for FMLA liability to be present, an FMLA plaintiff must be able to return to work. *See* 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.").

- 10 -

for trial,' and Defendant cannot now disturb this finding." (Pl.'s Mot. at 9 (quoting *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 964-65 (10th Cir. 2002)). Franzen also cites *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1097 (11th Cir. 1987), which held that the court's determination on an issue must not conflict with the jury's determination, and *McDonnell*, 968 F. Supp. at 291, which held that "in returning a verdict for the plaintiff, the jury necessarily found that . . . the plaintiff was ready, willing, and able to return . . . to the position she held prior to the commencement of her [FMLA] leave." Franzen states that, because the jury found that Ellis violated the FMLA, the jury must have found that Franzen "was able to return to work once the FMLA leave was over." (Pl.'s Mot. at 10.)

The Court does not agree with Franzen's characterization of the jury's verdict. Here, the jury was simply asked to determine whether Ellis "received the required medical documentation by May 28, 2002." The jury found that Ellis had received such documentation; it did not find that Franzen was able or unable to return to work. Because the jury's verdict indicates only that Ellis received the required medical documentation, the Court's determination as to damages is not in conflict with the jury's finding. This situation is different than the cases that Franzen cites. *See, e.g., Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d at 964 (reasoning that, where the jury awarded back pay, the jury implicitly found that the plaintiff would have been employed until the date of trial). In those cases, the jury had determined some question of damages that was undercut by the district court's subsequent holding. Such is not the case here. The Court rejects Franzen's argument.

### D. New Jury Trial

Franzen argues that "Plaintiff is entitled to a new trial—a trial by jury." (Pl.'s Mot. at 7.) In support of this argument, Franzen cites several non-binding cases, which state that the issues of front and back pay are legal issues, entitling Franzen to a right to a trial by jury on the issue of his damages. (Pl.'s Mot. at 7-8 (citing *Frizzell v. Southwest Motor Freight*, 154 F.3d 641 (6th Cir. 1998); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246 (10th Cir. 2004)). Franzen also cites a Supreme Court case stating that statutory damages in a copyright case is an issue on which a plaintiff has a right to a trial by jury. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342-44 (1998).

The Court need not engage in a lengthy analysis in order to dismiss Franzen's arguments. First, notwithstanding the cases that Franzen cites, the Seventh Circuit has held that the issues of front and back pay under the FMLA are equitable issues to be decided by the Court. *See, e.g., David v. Caterpillar, Inc.*, 324 F.3d 851, 865-66 (7th Cir. 2003); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500-01 (7th Cir. 2000); *Prince v. Marshall Erdman & Assoc., Inc.*, 966 F.2d 320, 324 (7th Cir. 1992). Furthermore, the Court notes that Franzen has raised this issue in this case before. In 2005, Franzen presented this argument in a motion *in limine* before Judge Darrah. Judge Darrah determined that the relief that Franzen sought was equitable in nature, and that the damages portion of this case is appropriately decided by a judge. Indeed, in making his determination, Judge Darrah relied on the Seventh Circuit cases cited above, which are unequivocal on this point.

Because this Court is bound to follow Seventh Circuit case law, the Court rejects Franzen's argument that he is entitled to a new trial by jury on the issue of damages.

### E. Need to Mitigate

Franzen finally argues that a plaintiff under the FMLA need not mitigate his damages, and that "it is inappropriate to allow employers, like Defendant, to introduce evidence on whether the returning employee, like Plaintiff, could have returned to work or whether they had mitigated their damages." (Pl.'s Mot. at 10.) Franzen first points to the policy of the FMLA, which is to provide job security for workers with health conditions. (*Id.*) He then cites two non-binding cases, which apparently support his argument but do not unequivocally state that an FMLA plaintiff need not mitigate his damages. *See Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858, 861 (8th Cir. 2000); *Rogers v. AC Humko Corp.*, 56 F. Supp. 2d 972, 978 (W.D. Tenn. 1999).

As stated above, the Court found that Franzen was unable to work and was not eligible for FMLA damages on that basis. The Court alternatively reasoned that, even if Franzen was able to return to work, he did nothing to attempt to find work since leaving Ellis and therefore did nothing to mitigate his damages. The Court notes that it did not base its decision on Franzen's lack of mitigation, but on Franzen's inability to work. Thus, although Franzen's argument that he need not mitigate his damages appears to address the Court's alternative reasoning that Franzen failed to mitigate, the Court briefly addresses his argument and finds it unpersuasive.

The Seventh Circuit has stated in no uncertain terms that a person discharged "can't insist on [the former employer] paying [his salary] until he turns 65 . . . in order that he can play golf eight hours a day." *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 771 (7th Cir. 2006). Moreover, the Court does not see the need to mitigate as being inherently at odds with the

policies underlying the FMLA. By creating a cause of action, the FMLA provides a mechanism for ensuring job security for workers with health conditions. The fact that this cause of action exists does not give a person discharged license to sit idly by. The Court believes that *Mattenson* recognizes that the FMLA is not intended to abrogate a plaintiff's duty to mitigate damages, a duty that is supported by a host of social and economic policies beyond the need for citation.

Franzen's argument includes several sub-arguments. Franzen states that the Court misapplied its mitigation analysis. (Pl.'s Mot. at 11.) He is mistaken. Citing the doctrine of avoidable consequences, Franzen argues very briefly that, because Franzen and Ellis "have an equal opportunity to reduce the damages by the same act, [Ellis] could have offered to reinstate [Franzen, and Ellis] is in no position to contend that [Franzen] failed to mitigate." (Pl.'s Mot. at 11.)

Franzen's reliance on the doctrine of avoidable consequences is misplaced. First, the Court notes that "avoidable consequences" is simply another name for "mitigation of damages." Second, the doctrine states that, "if the defendant is in as good, if not better, a position to avoid the consequences, the doctrine of avoidable consequences is not available to reduce the plaintiff's recovery." 22 Am. Jur. 2d, Damages, § 346 (West 2003). The Court does not understand how Ellis is in as good a position to avoid Franzen's damages as Franzen is. Although the failure of an employer to restore an employee to her pre-FMLA leave position (or equivalent) violates the FMLA, *Hendricks v. Compass Group, USA, Inc.*, No. 06-3637, Slip. Op. at 4 (7th Cir. Aug. 6, 2007), on the issue of mitigation of damages the Court does not believe that Ellis is in a better position to avoid the consequences to Franzen. Franzen is in a much better position to assess his skills and interests and to know what type of job is available and attractive to him.

Franzen also argues that Ellis did not prove that Franzen failed to mitigate or that he stood a reasonable chance of finding comparable employment if he would have searched diligently. (Pl.'s Mot. at 11-12 (citing *United States v. City of Chicago*, 853 F.2d 572 (7th Cir. 1988)).) The Court does not agree. As the Court stated at the trial on damages, evidence abounds that Franzen did nothing to look for work, and Franzen has presented no evidence that he did anything to mitigate his damages. The Court rejects Franzen's argument.[4]

### III. Conclusion

For the foregoing reasons, the Court denies Franzen's motion to modify or amend.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: August 30, 2007.

---

[4] Franzen also states without citation that Ellis is required to prove that Franzen "had the ability to pay the expenses of minimizing the damages." (Pl.'s Mot. at 12.) Franzen then points to places in the record that suggest that Franzen was unable to pay for needed medical treatment, which presumably means that he was likewise unable to pay for any costs associated with mitigating his damages. The Court does not agree. Although Franzen might not presently have significant resources at his disposal, the Court does not believe that this lack of money justifies Franzen's failing to attempt to mitigate his damages in any way. Moreover, the fact that Franzen was unable to pay for certain medical treatment does not necessarily indicate that he lacked the wherewithal to conduct even a simple job search.

Copies have been mailed to:

| | |
|---|---|
| JOHN XYDAKIS, Esq.<br>Law Office of John S. Xydakis, P.C.<br>55 East Washington Street<br>Suite 3600<br>Chicago, IL  60602<br><br>Attorney for Plaintiff | THOMAS J. PISKORSKI, Esq.<br>Seyfarth Shaw, L.L.P.<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, IL  60603<br><br>Attorney for Defendant |